IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AMY DUNN, individually and as the Natural parent of DANIELLE DEMONBREUN, JAMES DUNN and RONALD CURTIS PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA NATIONAL INSURANCE COMPANY,<br><br>Defendants. | Civil Action No.<br>2:17-CV-00246-RWS |

## ANSWER TO PLAINTIFFS' COMPLAINT AND AFFIRMATIVE AND/OR SPECIAL DEFENSES

**NOW COMES** the Defendant, Columbia National Insurance Company, (herein "Defendant" or "Columbia"), without waiving any affirmative defenses or jurisdictional defenses, and files its Answer to Plaintiffs' Complaint as follows:

### FIRST DEFENSE

The Plaintiffs' Complaint should be dismissed as there is no policy of insurance issued by Columbia that provides coverage to Plaintiff Patterson for the accident occurring on or about June 7, 2013.

1

## SECOND DEFENSE

Columbia denies each and every cause of action asserted in Plaintiffs' Complaint and specifically denies that Plaintiffs have been damaged in any sum, or at all, by reason of any act or omission on the part of Columbia.

## THIRD DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to constitute a cause of action against Columbia or otherwise fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

Plaintiff Ronald Curtis Patterson has failed to mitigate his damages, if any.

## FIFTH DEFENSE

Plaintiffs' claims for exemplary or punitive damages are prohibited under the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and are limited or barred by Georgia law.

## SIXTH DEFENSE

Defendants specifically incorporate by reference all standards and/or limitations regarding the determination and enforceability of punitive damage awards which arise in the decision of the Courts of Georgia.

## SEVENTH DEFENSE

As to Plaintiffs' claims for punitive or aggravated damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive or aggravated damages which arose in the decision of *BMW of North America v. Gore*, 517 U.S. 559; 116 S. Ct. 1589 (1996); *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 123 S. Ct. 1513, 1519, 1521 (2003); *Philip Morris USA v. Williams*, 549 U.S. 346, 127 S. Ct. 1057 (2007) and their progeny.

## EIGHTH DEFENSE

The Plaintiffs Amy Dunn, individually and as the natural parent of Danielle Demonbreun, and James Dunn lack standing to bring a declaratory judgment action against Columbia.

## NINTH DEFENSE

The claim for declaratory judgment should be dismissed as moot.

## TENTH DEFENSE

To the extent as may be shown by evidence through discovery, Columbia asserts the defenses of statute of limitations, contributory negligence, discharge in

bankruptcy, laches, waiver, assumption of the risk, comparative negligence, and to the extent that Plaintiffs are not a proper party in interest, any one or all of which may wholly or in part bar any of Plaintiffs' alleged causes of actions in this matter. To the extent shown through discovery, Columbia raises all of the affirmative defenses set forth in F.R.C.P. 8 and F.R.C.P. 12(b) and none of these defenses are waived.

## ELEVENTH DEFENSE

As no justiciable case or controversy exists as to the Plaintiffs' claim for declaratory judgment, the Court lacks subject matter jurisdiction over that claim.

## TWELFTH DEFENSE

Columbia reserves the right to file further affirmative defenses as may become known during discovery.

## THIRTEENTH DEFENSE

To the extent that Plaintiffs' introductory/prefatory paragraph calls for a response, any and all allegations in Plaintiffs' introductory/prefatory paragraph are hereby denied.

# FOURTEENTH DEFENSE

In response to the individually numbered paragraphs contained in the Plaintiffs' Complaint, Columbia responds as follows:

## PARTIES, JURISDICTION AND VENUE

1. Columbia is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 1 of the Plaintiffs' Complaint and therefore denies them.

2. Columbia is without sufficient information to form a belief as to the truth of the allegations contained in paragraph 2 of the Plaintiffs' Complaint and therefore denies them.

3. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 3 of the Plaintiffs' Complaint and therefore denies them.

4. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 4 of the Plaintiffs' Complaint and therefore denies them.

5. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 5 of the Plaintiffs' Complaint and therefore denies them.

6. Columbia admits the allegations in paragraph 6 of the Plaintiffs' Complaint.

7. Columbia admits the allegations in paragraph 7 of the Plaintiffs' Complaint that it has been served with process in this action and denies the remaining allegations contained therein.

8. To the extent the allegations contained paragraph 8 of the Plaintiffs' Complaint state conclusions of law, no response is required and the same are deemed denied. To the extent the allegations are factual in nature, Columbia denies that

Plaintiffs are entitled to any sum of money, but admits that Plaintiffs seek a sum that exceeds $75,000.

9. Columbia admits the allegations in paragraph 9 of the Plaintiffs' Complaint that the parties meet the diversity requirements of 28 U.S.C. 1332 but denies that the Court has subject matter jurisdiction over the Plaintiffs' claim for declaratory judgment.

10. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 10 of the Plaintiffs' Complaint and therefore denies them.

11. Columbia admits the allegations in paragraph 11 of the Plaintiffs' Complaint.

12. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 12 of the Plaintiffs' Complaint and therefore denies them.

13. Columbia admits the allegations in paragraph 13 of the Plaintiffs' Complaint.

**FACTS COMMON TO ALL CLAIMS**

14. Columbia admits the allegations contained in paragraph 14 of the Plaintiffs' Complaint.

15. Columbia admits the allegations contained in paragraph 15 of the Plaintiffs' Complaint that Plaintiff Patterson was arrested at the scene for driving under the influence and that he later pled guilty to the charge and is without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

16. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 16 of the Plaintiffs' Complaint and therefore denies them.

17. Columbia admits the allegations contained in paragraph 17 of the Plaintiffs' Complaint but denies any allegation or implication that Plaintiff Patterson

6

was a permissive user of the work truck at the time of the accident described in paragraph 14 of the Plaintiffs' Complaint.

18. Columbia admits the allegations contained in paragraph 18 of the Plaintiffs' Complaint.

19. Columbia admits the allegations contained in paragraph 19 of the Plaintiffs' Complaint but denies any allegation or implication that Plaintiff Patterson was a permissive user of the work truck at the time of the accident described in paragraph 14 of the Plaintiffs' Complaint.

20. Columbia admits that Lawson Air Conditioning and Plumbing is a named insured under the Policies and that coverage is available to Lawson Air Conditioning and Plumbing for its legal liability to the Dunn family arising out of the accident. As to the remaining allegations of paragraph 20 of the Plaintiffs' Complaint, the referenced Primary Policy speaks for itself. Any remaining allegations of Paragraph 20 are denied.

21. Columbia denies the allegations contained in paragraph 21 of the Plaintiffs' Complaint that Plaintiff Patterson was allowed to use the work truck for personal errands and admits the remaining allegations contained therein.

22. Columbia denies the allegations contained in Paragraph 22 of the Plaintiffs' Complaint.

23. Columbia denies the allegations contained in Paragraph 23 of the Plaintiffs' Complaint.

24. Columbia denies the allegations contained in Paragraph 24 of the Plaintiffs' Complaint.

25. Columbia admits the allegations contained in paragraph 25 of the Plaintiffs' Complaint but denies any allegation or implication that the "coverage" referenced in this paragraph applied to Plaintiff Patterson.

26. Columbia admits the allegations contained in paragraph 26 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

27. Columbia admits the allegations contained in paragraph 27 of the Plaintiffs' Complaint but denies any allegation or implication that the loss notice referenced in paragraph 27 of the Plaintiffs' Complaint is an admission or declaration of coverage for Plaintiff Patterson.

28. Columbia admits the allegations contained in paragraph 28 of the Plaintiffs' Complaint.

29. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 29 of the Plaintiffs' Complaint and therefore denies them.

30. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 30 of the Plaintiffs' Complaint and therefore denies them. Further answering, the referenced document speaks for itself.

31. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 31 of the Plaintiffs' Complaint and therefore denies them. Further answering, the referenced document speaks for itself.

32. Columbia admits the allegations contained in paragraph 32 of the Plaintiffs' Complaint.

33. Columbia denies the allegations contained in paragraph 33 of the Plaintiffs' Complaint.

34. Columbia admits the allegations contained in paragraph 34 of the Plaintiffs' Complaint that it denied coverage to Plaintiff Patterson and denies any remaining allegations contained therein. Further answering, the referenced document speaks for itself.

35. Columbia admits the allegations contained in paragraph 35 of the Plaintiffs' Complaint that it denied coverage to Plaintiff Patterson as he was not a permissive driver at the time of the accident and denies any remaining allegations contained therein. Further answering, the referenced document speaks for itself.

36. Columbia denies the allegations contained in paragraph 36 of the Plaintiffs' Complaint.

37. Columbia admits the allegations contained in paragraph 37 of the Plaintiffs' Complaint.

38. Columbia admits the allegations contained in paragraph 38 of the Plaintiffs' Complaint.

39. Columbia admits the allegations contained in paragraph 39 of the Plaintiffs' Complaint.

40. Columbia admits the allegations contained in paragraph 40 of the Plaintiffs' Complaint.

41. Columbia admits the allegations contained in paragraph 41 of the Plaintiffs' Complaint as to Lawson but denies the allegations as to Plaintiff Patterson.

42. Columbia admits the allegations contained in paragraph 42 of the Plaintiffs' Complaint.

43. Columbia admits the allegations contained in paragraph 43 of the Plaintiffs' Complaint.

44. Columbia admits the allegations contained in paragraph 44 of the Plaintiffs' Complaint.

45. Columbia denies the allegations contained in paragraph 45 of the Plaintiffs' Complaint that it owed any duty to Plaintiff Patterson to defend him in the underlying suit and is without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

46. Columbia admits the allegations contained in paragraph 46 of the Plaintiffs' Complaint that the underlying lawsuit proceeded with discovery but denies that Lawson or its representatives made admissions establishing that Plaintiff Patterson had permission to use the Work Truck at the time of the Accident. Any remaining allegations of Paragraph 46 are denied.

47. Columbia admits the allegations contained in paragraph 47 of the Plaintiffs' Complaint.

48. Columbia admits the allegations contained in paragraph 48 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

49. Columbia admits the allegations contained in paragraph 49 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

50. Columbia admits the allegations contained in paragraph 50 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

51. Columbia admits the allegations contained in paragraph 51 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

52. Columbia denies the allegations contained in paragraph 52 of the Plaintiffs' Complaint. Further answering, the referenced documents speak for themselves.

53. Columbia admits the allegations contained in paragraph 53 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

54. Columbia admits the allegations contained in paragraph 54 of the Plaintiffs' Complaint.

55. Columbia admits the allegations contained in paragraph 55 of the Plaintiffs' Complaint.

56. Columbia admits the allegations contained in paragraph 56 of the Plaintiffs' Complaint. Further answering, the referenced documents speak for themselves.

57. Columbia admits the allegations contained in paragraph 57 of the Plaintiffs' Complaint.

58. Columbia denies the allegations contained in paragraph 58 of the Plaintiffs' Complaint as stated.

59. Columbia admits the allegations contained in paragraph 59 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

60. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 60 of the Plaintiffs' Complaint and therefore denies them. Further answering, the referenced document speaks for itself.

61. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 61 of the Plaintiffs' Complaint and therefore denies them. Further answering, the referenced document speaks for itself.

62. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 62 of the Plaintiffs' Complaint and therefore denies them.

63. Columbia admits the allegations contained in paragraph 63 of the Plaintiffs' Complaint that sanctions were entered against Plaintiff Patterson for failing to appear at his deposition in the Underlying Lawsuit and denies the remaining allegations contained therein.

64. Columbia admits the allegations contained in paragraph 64 of the Plaintiffs' Complaint.

65. Columbia admits the allegations contained in paragraph 65 of the Plaintiffs' Complaint.

66. Columbia admits the allegations contained in paragraph 66 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

67. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 67 of the Plaintiffs' Complaint and therefore denies them.

68. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 68 of the Plaintiffs' Complaint and therefore denies them.

69. Columbia denies the allegations contained in paragraph 69 of the Plaintiffs' Complaint.

## COUNT 1
## ALL PLAINTIFFS' CLAIM FOR A DECLARATORY JUDGMENT

70. In response to Paragraph 70 of Plaintiffs' Complaint, Columbia incorporates its responses to Paragraphs 1 through 69 of its Answer as if set forth fully herein.

71. Columbia admits the allegations of paragraph 71 of the Plaintiffs' Complaint that the Dunn Family has obtained a judgment against Plaintiff Patterson and denies the remaining allegations thereof.

72. Columbia denies the allegations contained in paragraph 72 of the Plaintiffs' Complaint.

73. Columbia denies the allegations of paragraph 73 of the Plaintiffs' Complaint that it has a contractual duty to indemnify Plaintiff Patterson in any amount and is without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

74. Columbia denies the allegations contained in paragraph 74 of the Plaintiffs' Complaint.

75. Columbia denies the allegations contained in paragraph 75 of the Plaintiffs' Complaint.

76. Columbia denies the allegations contained in paragraph 76 of the Plaintiffs' Complaint that the Plaintiffs are entitled to any relief from the Defendant and deny any remaining allegations contained therein.

## COUNT 2
## MR. PATTERSON'S CLAIM FOR BREACH OF CONTRACT

77. In response to Paragraph 77 of Plaintiffs' Complaint, Columbia incorporates its responses to Paragraphs 1 through 69 of its Answer as if set forth fully herein.

78. Columbia denies the allegations contained in paragraph 78 of the Plaintiffs' Complaint.

79. Columbia denies the allegations contained in paragraph 79 of the Plaintiffs' Complaint.

80. Columbia denies the allegations contained in paragraph 80 of the Plaintiffs' Complaint.

81. Columbia denies the allegations contained in paragraph 81 of the Plaintiffs' Complaint.

82. Columbia denies the allegations contained in paragraph 82 of the Plaintiffs' Complaint.

83. Columbia denies the allegations contained in paragraph 83 of the Plaintiffs' Complaint.

84. Columbia denies the allegations contained in paragraph 84 of the Plaintiffs' Complaint as stated.

85. Columbia denies the allegations contained in paragraph 85 of the Plaintiffs' Complaint.

86. Columbia denies the allegations contained in paragraph 86 of the Plaintiffs' Complaint.

## COUNT 3
### MR. PATTERSON'S CLAIM FOR NEGLIGENT OR BAD FAITH FAILURE TO SETTLE UNDER THE COMMON LAW

87. In response to Paragraph 87 of Plaintiffs' Complaint, Columbia incorporates its responses to Paragraphs 1 through 69 of its Answer as if set forth fully herein.

88. Columbia denies the allegations contained in paragraph 88 of the Plaintiffs' Complaint.

89. Columbia admits the allegations contained in paragraph 89 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

90. Columbia is without sufficient information to form a belief as to the truth of the allegations in paragraph 90 of the Plaintiffs' Complaint and therefore denies them. Further answering, the referenced document speaks for itself.

91. Columbia admits the allegations contained in paragraph 91 of the Plaintiffs' Complaint. Further answering, the referenced document speaks for itself.

92. Columbia admits the allegations contained in paragraph 92 of the Plaintiffs' Complaint to the extent that the August 23, 2016 letter states that the August 16, 2016 demand "does not comply with statutory requirements for such a time demand" and is without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them. Further answering, the referenced document speaks for itself.

93. Columbia admits the allegations contained in paragraph 93 of the Plaintiffs' Complaint to the extent that the August 23, 2016 letter states that "Columbia has denied Coverage to Mr. Patterson" and denies the remaining allegations contained therein. Further answering, the referenced document speaks for itself.

94. Columbia denies the allegations contained in paragraph 94 of the Plaintiffs' Complaint as stated.

95. Columbia denies the allegations contained in paragraph 95 of the Plaintiffs' Complaint.

96. Columbia denies the allegations contained in paragraph 96 of the Plaintiffs' Complaint.

97. Columbia denies the allegations contained in paragraph 97 of the Plaintiffs' Complaint.

98. Columbia denies the allegations contained in paragraph 98 of the Plaintiffs' Complaint.

99. Columbia denies the allegations contained in paragraph 99 of the Plaintiffs' Complaint.

100. Columbia denies the allegations contained in paragraph 100 of the Plaintiffs' Complaint.

## COUNT 4
## MR. PATTERSON'S CLAIM FOR PUNITIVE DAMAGES

101. In response to Paragraph 101 of Plaintiffs' Complaint, Columbia incorporates its responses to Paragraphs 1 through 69 of its Answer as if set forth fully herein.

102. Columbia denies the allegations contained in paragraph 102 of the Plaintiffs' Complaint.

103. Columbia denies the allegations contained in paragraph 103 of the Plaintiffs' Complaint.

104. Columbia denies the allegations contained in paragraph 104 of the Plaintiffs' Complaint.

105. Columbia denies the allegations contained in paragraph 105 of the Plaintiffs' Complaint.

## COUNT 5
## ALL PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

106. In response to Paragraph 106 of Plaintiffs' Complaint, Columbia incorporates its responses to Paragraphs 1 through 69 of its Answer as if set forth fully herein.

107. Columbia denies the allegations contained in paragraph 107 of the Plaintiffs' Complaint.

108. All allegations of Plaintiffs' Complaint not specifically admitted herein are hereby denied.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

To the extent that Plaintiffs' Demand for Jury Trial and prayer call for a response, any and all allegations in Plaintiffs' prayer are hereby denied.

WHEREFORE, having responded fully to each and every allegation leveled against it in Plaintiffs' Complaint, Columbia prays that it be dismissed from this case, and further prays as follows:

(A) That judgment be entered in its favor and this action be discharged without any liability;

(B) That costs in defending this suit be cast against Plaintiffs; and

(C) That Columbia have such further relief as the Court deems just and proper.

This 10th day of January, 2018.

BRENNAN, WASDEN & PAINTER LLC

By: /s/ Travis D. Windsor
Wiley A. Wasden, III
State Bar No. 738750
Travis D. Windsor
State Bar No. 770441
*Attorneys for Columbia National Insurance Company*

Post Office Box 8047
Savannah, Georgia 31412
(912) 232-6700
FAX (912) 232-0799

wwasden@brennanwasden.com
twindsor@brennanwasden.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| AMY DUNN, individually and as the Natural parent of DANIELLE DEMONBREUNM, JAMES DUNN and RONALD CURTIS PATTERSON, ) ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action No. 2:17-CV-00246-RWS |
| ) ) | |
| v. ) ) | |
| COLUMBIA NATIONAL INSURANCE COMPANY, ) ) ) ) | |
| Defendants. ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case with copy of this **Answer to Plaintiffs' Complaint and Affirmative and/or Special Defenses** on the Court's CM/ECF system, which will send notice of its filing to all parties in accordance with the notice of electronic filing ("NEF") that is generated as a result of electronic filing in this Court.

Richard E. Dolder, Esq.
James (Jay) Sadd, Esq.
Slappy & Sadd, LLC
352 Sandy Springs Cir.
Atlanta, GA  30328
rich@layersatlanta.com
jay@lawyeratlanta.com

Mark W. Alexander, Esq.
Stewart, Melvin & Frost, LLP
P.O. Box 3280
Gainesville, GA  30503
malexander@smf-law.com

David J. Sammons, Esq.
Sammons & Henneke
P.O. Box 3157
Gainesville, GA  30503
mtnlawdog@yahoo.com

This 10th day of January, 2018.

BRENNAN, WASDEN & PAINTER, LLC


BY: /s/ Travis D. Windsor
Wiley A. Wasden, III
State Bar No. 738750
Travis D. Windsor
State Bar No.  770441
*Attorneys for Columbia National Insurance Columbia*

P.O. Box 8047
Savannah, GA  31412
(912) 232-6700
(912) 232-0799 – FAX
wwasden@brennanwasden.com
twindsor@brennanwasden.com