IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AMY DUNN, individually and as the natural parent of DANIELLE DEMONBREUN, JAMES DUNN, and RONALD CURTIS PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA NATIONAL INSURANCE COMPANY,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION<br>) 2:17-CV-00246-RWS<br>)<br>)<br>)<br>)<br>)<br>) |

## FIRST AMENDED COMPLAINT
## AND DEMAND FOR JURY TRIAL
## ON BEHALF OF THE DUNN FAMILY

Plaintiffs filed their Five-Count Complaint on November 17, 2017. (Doc 1) The parties and Court agreed to give Defendant Columbia National Insurance Company an extension of time to respond. (Doc 7) Columbia responded with an Answer and with a Partial Motion to Dismiss on January 10, 2018. (Doc 9 and Doc 11) The Partial Motion to Dismiss seeks relief only with respect to Count 1. (Doc 11) Although Count 1 of the Complaint can withstand a motion to dismiss, in an abundance of caution, Amy Dunn, individually and as the natural parent of

Danielle Demonbreun, and James Dunn (collectively, "The Dunn Family") amends their complaint to address the alleged problems. Accordingly, pursuant to Fed. R. Civ. P. 15(a)(1)(B), The Dunn Family files this First Amended Complaint and Demand for Jury Trial.

In addition, pursuant to Local Rule 15.1, The Dunn Family represents that this in an instance where reproduction of the entire pleading would be unduly burdensome on Columbia, as Columbia would have to answer many of the same allegations that it has already answered. Accordingly, The Dunn Family incorporates all allegations and provisions of its existing complaint by reference.

## COUNT 6

### JUDGMENT CREDITORS' DIRECT ACTION AGAINST JUDGMENT DEBTOR'S INSURANCE COMPANY

108.

Plaintiffs incorporate the allegations in paragraphs 1-69 of their original complaint (doc 1) as if fully set forth herein.

109.

The Dunn Family has obtained against Mr. Patterson a judgment that fixes the liability of Columbia's insured, allowing the Dunn Family to maintain an action directly against Columbia for the proceeds of the Policies. *Smith v. GEICO*, 179 Ga. App. 654, 347 S.E.2d 245 (1986).

110.

Under Georgia law, "where an injured party obtains an unsatisfied judgment against a party who has insurance covering the injuries – so that the judgment fixes the liability of the insured party to the injured party – the injured party may bring an action directly against the insurer to satisfy the judgment from the available insurance proceeds." *State Farm Fire & Cas. Co. v. Bauman*, 313 Ga. App. 771, 771, 723 S.E.2d 1, 2 (2012).

111.

Members of the Dunn Family were injured and hold an unsatisfied judgment against Mr. Patterson, which judgment fixes the liability of Mr. Patterson to the Dunn Family.

112.

Mr. Patterson has insurance with Columbia covering his legal liability to the Dunn Family for their injuries that are the subject of the Judgment.

113.

The Dunn Family has and brings a direct action against Columbia for the amount of the Judgment that is within policy limits and for which there is coverage under the Policies, including post-judgment interest on the Judgment that is covered by the Policies.

114.

The Dunn Family asks the Court to rule that Mr. Patterson is entitled to coverage under the Policies for his legal liability to the Dunn Family arising out of the Accident and that Columbia is required to pay to the Dunn Family all amounts due and owing under the terms of the Policies in partial satisfaction of the Judgment.

## COUNT 5
## ALL PLAINTIFFS' CLAIM FOR ATTORNEYS' FEES
## AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

106.

Plaintiffs incorporate and reallege the allegations in paragraphs 1-100 of their original complaint and paragraphs 108-114 of this First Amended Complaint as if fully set forth herein.

## DEMAND FOR JURY TRIAL

The Dunn Family hereby demands a trial by jury for each and every claim and defense for which there is a right to a jury.

**WHEREFORE**, The Dunn Family prays for judgment in their favor and against Columbia for all relief requested in their original complaint and, in addition, the following:

A. That they have a trial by jury;

B. That they have and recover the following:

1. A money judgment in favor of The Dunn Family and against Columbia for all amounts that are within the limits of the Policies and for which there is coverage under the Policies, including post-judgment interest covered by the Policies;

2. Attorneys' fees and expenses of litigation under Count 5 of their complaint;

3. That all costs be taxed against Columbia; and

4. Other and further relief as the Court may deem just and proper.

Respectfully submitted on January 22, 2018.

*/s/ Mark W. Alexander*
Mark W. Alexander
Georgia Bar No. 008930
STEWART, MELVIN & FROST, LLP
Post Office Box 3280
Gainesville, GA 30503
(770) 536-0101 – telephone
malexander@smf-law.com

Daniel J. Sammons
Georgia Bar No. 623545
SAMMONS & HENNEKE
Post Office Box 3157
210 Washington Street #208
Gainesville, GA 30503
(770) 535-8488 – telephone
mtnlawdog@yahoo.com
Attorneys for the Dunn Family

## CERTIFICATE OF SERVICE

I hereby certify that on this day I electronically filed the forgoing **First Amended Complaint and Demand for Jury Trial on Behalf on the Dunn Family** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of records for all parties. I further certify that the foregoing was prepared in Times New Roman 14pt font and otherwise complies with Local Rule 5.1.

Submitted on January 22, 2018.

>*/s/ Mark W. Alexander*
>Mark W. Alexander, Esq.
>Georgia Bar No. 008930
>STEWART, MELVIN & FROST, LLP
>Post Office Box 3280
>Gainesville, GA 30503
>(770) 536-0101 – telephone
>malexander@smf-law.com
>Attorney for the Dunn Family