# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | | |
|---|---|---|
| AMY DUNN, individually and as the Natural parent of DANIELLE DEMONBREUN, JAMES DUNN and RONALD CURTIS PATTERSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:17-CV-00246-RWS |
| v. | ) ) ) | |
| COLUMBIA NATIONAL INSURANCE COMPANY, | ) ) ) | |
| Defendants. | ) | |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AND
AFFIRMATIVE AND/OR SPECIAL DEFENSES**

**NOW COMES** the Defendant, Columbia National Insurance Company, (herein "Defendant" or "Columbia"), without waiving any affirmative defenses or jurisdictional defenses, and files its Answer to Plaintiffs Amy Dunn, individually and as the Natural parent of Danielle Demonbreun, and James Dunn's First Amended Complaint as follows:

## FIRST DEFENSE

The Plaintiffs' First Amended Complaint should be dismissed as there is no policy of insurance issued by Columbia that provides coverage to Plaintiff Patterson for the accident occurring on or about June 7, 2013.

## SECOND DEFENSE

Columbia denies each and every cause of action asserted in Plaintiffs' First Amended Complaint and specifically denies that Plaintiffs have been damaged in any sum, or at all, by reason of any act or omission on the part of Columbia.

## THIRD DEFENSE

Plaintiffs' First Amended Complaint fails to state facts sufficient to constitute a cause of action against Columbia or otherwise fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

To the extent as may be shown by evidence through discovery, Columbia asserts the defenses of statute of limitations, contributory negligence, discharge in bankruptcy, laches, waiver, assumption of the risk, comparative negligence, and to the extent that Plaintiffs are not a proper party in interest, any one or all of which may wholly or in part bar any of Plaintiffs' alleged causes of actions in this matter. To the extent shown through discovery, Columbia raises all of the affirmative

defenses set forth in F.R.C.P. 8 and F.R.C.P. 12(b) and none of these defenses are waived.

## FIFTH DEFENSE

Without admitting that any plaintiff suffered damages in any amount, or that any defendant is liable for any such damages, Columbia asserts that any liability, including that of any other responsible persons (named or unnamed) should be apportioned according to its relative degree of fault, and any alleged liability of Columbia reduced accordingly under O.C.G.A. § 51-12-33.

## SIXTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiff Ronald Curtis Patterson failed to mitigate damages

## SEVENTH DEFENSE

Columbia reserves the right to file further affirmative defenses as may become known during discovery.

## EIGHTH DEFENSE

To the extent that Plaintiffs' introductory/prefatory paragraph calls for a response, any and all allegations in Plaintiffs' introductory/prefatory paragraph are hereby denied.

## NINTH DEFENSE

Columbia also incorporates its responses to Paragraphs 1 through 107 of its Answer as if set forth fully herein.

## TENTH DEFENSE

In response to the individually numbered paragraphs contained in the First Amended Complaint, Columbia responds as follows:

## COUNT 6
## JUDGMENT CREDITORS' DIRECT ACTION
## AGAINST JUDGMENT DEBTOR'S INSURANCE COMPANY

108. In response to Paragraph 108 of the First Amended Complaint, Columbia incorporates its responses to Paragraphs 1 through 69 of its Answer as if set forth fully herein.

109. Columbia admits the allegations of paragraph 109 of the First Amended Complaint that the Dunn Family has obtained a judgment against Plaintiff Patterson and denies the remaining allegations contained therein.

110. To the extent the allegations contained paragraph 110 of the First Amended Complaint state conclusions of law, no response is required and the same are deemed denied. To the extent the allegations are factual in nature, Columbia denies that it has any liability to the Plaintiffs under the policies of insurance at issue and further denies that the Plaintiffs are entitled to the insurance proceeds available under those policies. Any remaining allegations of Paragraph 110 are denied.

111. Columbia admits the allegations of paragraph 111 of the First Amended Complaint that the Dunn Family was injured and is without sufficient information to form a belief as to the truth of the remaining allegations contained therein and therefore denies them.

112. Columbia denies the allegations in paragraph 112 of the First Amended Complaint.

113. Columbia admits the allegations in paragraph 113 of the First Amended Complaint that the Plaintiffs have brought a direct action against Columbia and denies the remaining allegations contained therein.

114. Columbia denies the allegations of paragraph 114 of the First Amended Complaint that there is coverage under the policies for Plaintiff Patterson's legal liability to the Dunn Family arising out of the accident and further denies that Columbia is required to pay the Dunn Family proceeds from the policies in partial satisfaction of the judgment. Columbia admits that the Plaintiffs seek a ruling from this Court that coverage under the policies exists. Any remaining allegations of Paragraph 114 are denied.

## COUNT 5
## ALL PLAINTIFFS' CLAIM FOR ATTORNEY'S FEES AND EXPENSES OF LITIGATION UNDER O.C.G.A. § 13-6-11

106. In response to Paragraph 106 of First Amended Complaint, Columbia incorporates its responses to Paragraphs 1 through 100 of its Answer to the Plaintiffs' original Complaint and Paragraphs 108-114 of its Answer to the First Amended Complaint as if set forth fully herein.

115. All allegations of the First Amended Complaint not specifically admitted herein are hereby denied.

## PLAINTIFFS' DEMAND FOR JURY TRIAL

To the extent that Plaintiffs' Demand for Jury Trial and prayer call for a response, any and all allegations in Plaintiffs' prayer are hereby denied.

WHEREFORE, having responded fully to each and every allegation leveled against it in the First Amended Complaint, Columbia prays that it be dismissed from this case, and further prays as follows:

(A) That judgment be entered in its favor and this action be discharged

without any liability;

    (B)    That costs in defending this suit be cast against Plaintiffs; and

    (C)    That Columbia have such further relief as the Court deems just and proper.

This 6th day of February, 2018.

                          BRENNAN, WASDEN & PAINTER LLC

                          By:    /s/ Travis D. Windsor_____
                                  Wiley A. Wasden, III
                                  State Bar No. 738750
                                  Travis D. Windsor
                                  State Bar No. 770441
                                  *Attorneys for Columbia National Insurance Company*

Post Office Box 8047
Savannah, Georgia 31412
(912) 232-6700
FAX (912) 232-0799
wwasden@brennanwasden.com
twindsor@brennanwasden.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | | |
|---|---|---|
| AMY DUNN, individually and as the Natural parent of DANIELLE DEMONBREUNM, JAMES DUNN and RONALD CURTIS PATTERSON, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | Civil Action No. 2:17-CV-00246-RWS |
| v. | ) ) ) | |
| COLUMBIA NATIONAL INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day served all parties in this case with copy of this **Columbia National Insurance Company's Answer to Plaintiffs' First Amended Complaint** on the Court's CM/ECF system, which will send notice of its filing to all parties in accordance with the notice of electronic filing ("NEF") that is generated as a result of electronic filing in this Court.

Richard E. Dolder, Esq.
James (Jay) Sadd, Esq.
Slappy & Sadd, LLC
352 Sandy Springs Cir.
Atlanta, GA 30328
rich@layersatlanta.com
jay@lawyeratlanta.com

David J. Sammons, Esq.
Sammons & Henneke
P.O. Box 3157
Gainesville, GA 30503
mtnlawdog@yahoo.com

Mark W. Alexander, Esq.
Stewart, Melvin & Frost, LLP
P.O. Box 3280
Gainesville, GA 30503
malexander@smf-law.com

This 6th day of February, 2018.

                BRENNAN, WASDEN & PAINTER, LLC

        BY:  /s/ Travis D. Windsor
               Wiley A. Wasden, III
               State Bar No. 738750
               Travis D. Windsor
               State Bar No. 770441
               *Attorneys for Columbia National Insurance Columbia*

P.O. Box 8047
Savannah, GA 31412
(912) 232-6700
(912) 232-0799 – FAX
wwasden@brennanwasden.com
twindsor@brennanwasden.com