UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AMY DUNN, individually and as the natural parent of DANIELLE DEMONBREUN, JAMES DUNN, and RONALD CURTIS PATTERSON,<br><br>Plaintiffs,<br><br>v.<br><br>COLUMBIA NATIONAL INSURANCE COMPANY<br><br>Defendant. | CIVIL ACTION<br>2:17-CV-00246-RWS |

**DEFENDANT'S MOTION TO EXCLUDE CERTAIN OPINIONS OF EXPERT LOUIS G. FEY AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

Defendant Columbia National Insurance Company ("Columbia") files this Motion for to Exclude Certain Opinions of Expert Louis G. Fey and Incorporated Memorandum of Law in Support under Fed. R. Evid. 702.

**I.     Summary of the Argument**

This is an insurance coverage dispute in which Patterson alleges that Columbia breached its duty to defend and failed to settle a prior case brought against him and his former employer, Lawson Air Conditioning & Plumbing, Inc.

1

("Lawson").  This Court granted Patterson's motion for summary judgment and determined that Columbia breached the duty to defend him, so that claim will proceed to trial for a determination of damages.  The only remaining causes of action for which liability has not been determined is whether Columbia negligently failed to accept an offer to settle the claims against Patterson in the underlying action for $1,125,000, and whether Columbia is liable for attorneys' fees under O.C.G.A. § 13-6-11.  In support of his failure-to-settle claim, Patterson relies upon the testimony of an expert, Louis G. Fey, who offers twenty-nine different opinions, many of which are inadmissible as detailed below.  (Fey Report, attached as Exhibit A, pp. 35-37).

Fey's report is essentially a compilation of everything that he believes Columbia did wrong from the beginning to the end of the claim process.  But as demonstrated below, most of those opinions are not relevant to Patterson's failure-to-settle claim and should be excluded.  It is difficult to discern from the 38-page report what Fey's specific opinions are, and the report is full of speculation about Columbia's motives[1] and intent, as well as Fey's personal interpretation of the facts—none of which is admissible.  Fey's opinions appear to be summarized on

---

[1] For example, in paragraph 66 of his report, Fey opines that rather than attempt resolution, "Columbia hid its head in the sand hoping that the claim would go away by denying coverage to Patterson . . . ."  This inflammatory statement is not only improper speculation about the reasons for Columbia's actions, but it furthermore invades the role of the jury to determine if Columbia acted reasonably.  However, this statement is not identified as a "conclusion" and, therefore, does not appear to be among the opinions that Fey intends to offer at trial.

the "conclusion" section of the report, and Columbia addresses those "conclusions" below.

## II. Argument

### A. Legal Standard

Federal Rule of Evidence 702 provides that expert witness testimony is admissible only if it will assist the trier of fact to understand the evidence or to determine a fact in issue. To fulfill its gatekeeping obligation to ensure that the jury weighs only sound and reliable evidence, the trial court is charged with determining whether the expert's testimony will assist the jury, through the application of scientific, technical, or specialized expertise, to understand the evidence or determine a fact at issue. *U.S. v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Expert testimony is relevant only if it logically advances a material aspect of the party's case. *Leathers v. State Farm Mut. Auto. Ins. Co.*, 2012 WL 13014634, * 2 (N.D. Ga. Dec. 3, 2012). "An expert may not, however, merely tell the jury what result to reach." *Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir. 1990). "Expert legal opinion is not admissible under Fed. R. Evid. 702." *Plantation Pipeline Co. v. Continental Casualty Co.*, 2008 WL 4737163, *7 (N.D. Ga. July 31, 2008). The proponent of the expert testimony has

the burden to prove that the testimony will assist the trier of fact. *Frazier*, 387 F.3d at 1260.

To recover for alleged wrongful failure to settle, the insured must show that the insurer had a duty to settle the case, breached that duty, and that the breach proximately caused damage to the insured beyond the policy limit. *Delancy v. St. Paul Fire & Marine Ins. Co.*, 947 F.2d 1536, 1547 (11th Cir. 1991); *Whiteside v. GEICO Indem. Co.*, No. 4:16-CV-313 (CDL), 2018 WL 1535484, at *2 (M.D. Ga. Mar. 29, 2018). "To find that the insurer acted unreasonably in declining to accept a time-limited settlement offer, the facts must be sufficient to permit a jury to find that no ordinarily prudent insurer would have declined to accept the offer." *Baker v. Huff*, 747 S.E.2d 1, 6 (Ga. Ct. App. 2013). An insurer is liable only if an ordinarily prudent insurer would consider that choosing to try the case would be taking an unreasonable risk that the insured's personal property would be exposed to loss. *Id.*; *Canal Indem. Co. v. Greene*, 593 S.E.2d 41, 46 (Ga. Ct. App. 2003).

### B. Specific Opinions

As noted above, Fey's report identifies 29 different opinions, some of which are merely statements of the facts, while others are pure legal conclusions that are inadmissible under Rule 702. Furthermore, since Fey's testimony relates only the whether Columbia unreasonably failed to settle the claims against Patterson, his

4

opinions on other issues are irrelevant. Columbia addresses each specific opinion to which it objects below.

> **1. "Columbia breach[ed] insurance industry standards by unequivocally denying coverage without completing a prompt and thorough investigation."**

Fey's opinion that Columbia breached industry standards and did not conduct a prompt and thorough investigation is inadmissible. An expert "may not testify to the legal implications of conduct; the court must be the jury's only source of law." *Montgomery*, 898 F.2d at 1541. Here, the jury must determine if Columbia unreasonably failed to settle the claims against Patterson, and Fey's opinion that Columbia breached industry standards in its investigation is nothing more that him telling the jury what result to reach, which is inadmissible. *Id.* The Court should exclude this opinion. *See Armstead v. Allstate Prop. & Cas. Ins. Co.*, 2016 WL 4123838 (N.D. Ga. July 1, 2016) (excluding testimony that the insurer's conduct fell below the standard of care, and was in bad faith).

> **2. "Columbia failed to make any effort to find coverage for Patterson or to give him the benefit of the doubt."**

The Court should exclude Fey's opinion that Columbia failed to make any effort to find coverage for Patterson or give him the benefit of the doubt because this is not the proper subject of expert testimony. The jury is capable of evaluating what efforts Columbia made and whether it gave him the benefit of the doubt on its

5

own; no specialized knowledge is needed to make this determination. The Court should exclude this opinion because the jury does not need help understanding the evidence. *Armstead*, 2016 WL 4123838 at *8 (excluding expert's opinion that the insurer "failed to properly document the file" and "did not take enough photographs").

> **3. "There is ample evidence regarding Patterson's permissive use. An unequivocal denial was improper."**

The Court should exclude Fey's opinion that there is ample evidence concerning Patterson's permissive use of the vehicle because the Court has already determined as a matter of law that Patterson was a permissive user of the vehicle at the time of the accident. That issue is no longer relevant for purposes of trial. Even if that were not the case, the jury must determine whether the evidence is sufficient to support Patterson's claim for failure-to-settle. It is not the proper use of expert testimony for Fey to tell the jury how much evidence there is or is not. *Id.* In addition, Columbia's attempted denial of coverage is not relevant since it was made years before the rejection of the settlement offer that is the crux of Patterson's remaining claim. Accordingly, the Court should exclude this opinion.

> **4. "Columbia misrepresented coverage by asserting that Patterson's truck was excluded because it was not a covered auto at the time of the accident."**

The Court should exclude this opinion because it is factually incorrect and invades the jury's role in determining if Columbia mispresented something to Patterson. As the Court determined in its Summary Judgment Order, Columbia denied coverage based on its determination that Patterson did not have permission to use the vehicle at the time of the accident. (Dkt. 103, pp. 12-14. Contrary to Fey's statement, Columbia never told Patterson that the truck was not a "covered auto" at the time of the accident. Indeed, the May 17, 2017 letter that Fey cites as support for this opinion denied coverage for two reasons: (1) that Patterson was not a permissive user; and (2) that he failed to cooperate with Columbia in his defense. (Dkt. 59-25). There is no factual basis for this opinion of Fey, and it should be excluded.

### 5. "Columbia failed to make any effort to timely locate Patterson or to otherwise properly investigate the claim."

The Court should exclude this opinion because the jury is quite capable of determining whether Columbia tried to locate Patterson or whether it could otherwise investigate the claim without the help of Fey. This determination requires no specialized knowledge, and the Court should exclude this opinion. *See Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer did not take enough photographs during its investigation). This opinion should be excluded as improper and inadmissible.

  **6.** **"Columbia breached the insurance industry standards by not giving Patterson an opportunity to submit additional information for reconsideration, or by asking that it be allowed to reconsider its position once suit was filed."**

The Court should exclude this opinion because it effectively tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on what the industry standard is, but he cannot tell the jury if Columbia breached that standard. *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards). This opinion should be excluded as improper and inadmissible.

  **7.** **"In the event of a decision to deny coverage, all basis [sic] for the denial must be clearly and distinctly stated in the denial letter."**

The Court should exclude this opinion because it is irrelevant to Patterson's failure-to-settle claim, which requires the jury to find that no ordinarily prudent insurer would have declined to accept the offer. *Baker*, 747 S.E.2d at 6. Whether Georgia law requires all reasons for a denial of coverage to be stated in a denial letter is not relevant to this claim. And in any event, the requirements of a proper

8

denial letter is a legal issue dictated by Georgia law for which the Court can instruct the jury if necessary. Fey cannot tell the jury what Georgia law requires. *Plantation Pipeline Co.*, 2008 WL 4737163 at *7. This opinion should be excluded as improper and inadmissible.

### 8. "any policy defense not identified in a denial letter may be deemed to have been waived."

The Court should exclude this opinion because it is irrelevant to Patterson's failure-to-settle claim, which requires the jury to find that no ordinarily prudent insurer would have declined to accept the offer. *Baker*, 747 S.E.2d at 6. Furthermore, whether an insurer waives a policy defense not mentioned in a denial letter is a legal issue that is not relevant to the failure-to-settle claim. Fey cannot explain Georgia waiver law to the jury. *Plantation Pipeline Co.*, 2008 WL 4737163 at *7. This opinion should be excluded as improper and inadmissible.

### 9. "An insurer that does not make its policies and procedures clear to its employees and who does not teach industry standards to its adjusters is bound to have issues with its employees violating industry standards."

The Court should exclude this opinion because it is irrelevant to Patterson's failure-to-settle claim. In addition, it is simply a broad and unspecific statement about a generic insurer. It does not help the jury understand what industry customs and standards are in this particular instance, and it is very likely to confuse or

9

mislead the jury about the elements of a failure-to-settle claim under Georgia law. This opinion should be excluded as improper and inadmissible.

> **10. "Columbia's supervisor failed to instruct Barczykowski to thoroughly investigate the claim, to give him any guidance, and merely allowed him to issue the denial without qualification."**

The Court should exclude this opinion because it tells the jury what conclusion to reach, which is prohibited. *Montgomery*, 898 F.2d at 1541. In addition, this opinion is nothing more than a statement of facts that the jury is more than capable of understanding and evaluating. No specialized knowledge is required. In addition, this statement is not relevant to the failure-to-settle claim because Barczykowski[2] was not involved in Columbia's decision to reject the demand. This opinion should be excluded as improper and inadmissible.

> **11. "While there was documentation in the claim file that Patterson had not received either denial letter as both were returned, there was no discussion by Barcykwoski's supervisor of that fact, nor any direction to make sure Patterson was contacted."**

The Court should exclude this "opinion" because it is nothing more than a statement of various facts that the jury is more than capable of understanding and evaluating. No specialized knowledge is required. In addition, this statement is

---

[2] Barczykowski was the Columbia adjuster initially assigned to the claim after the accident occurred, but he was not involved in the claim in any manner after the underlying lawsuit was filed.

10

not relevant to the failure-to-settle claim because Barczykowski was not involved in Columbia's decision to reject the demand. This opinion should be excluded as improper and inadmissible.

> **12. "Columbia failed to attempt resolution once liability because reasonably clear, a very serious violation of insurance industry claim handling standards and prejudice on a very serious claim."**

The Court should exclude this opinion because it tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on what the industry standard is, but he cannot tell the jury if Columbia breached that standard. *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards). This opinion should be excluded as improper and inadmissible.

> **13. The Dunns were forced to institute suite to collect sums owed under the policy, another very serious violation of insurance industry claim handling standards and practice."**

The Court should exclude this opinion because it tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on

11

what the industry standard is, but he cannot tell the jury if Columbia breached that standard.  *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards).  In addition, what the Dunns were allegedly "forced" to do is not relevant in any way to Patterson's failure-to-settle claim, and the Court should exclude this opinion for this additional reason.

> **14. "Part of the problem may be that the Columbia adjusters have an incredibly heavy claim load, which Burroughs estimating his pending claim count at 240 files, twice the maximum recommended pending claim count."**

The Court should exclude this opinion because it is not relevant to the failure-to-settle claim.  It appears in Fey's report immediately after the statement about "forcing" the Dunns to initiate a lawsuit to collect their judgment, and has nothing to do with whether Columbia reasonably rejected the settlement demand.  The opinion should be excluded as improper and inadmissible.

> **15. "Columbia mispresented pertinent facts by omitting to tell the North Georgia Medical Center that while coverage had been denied to Patterson, it still had coverage for Lawson as the owner of the vehicle, misleading North Georgia Medical Center."**

The Court should exclude this opinion because it is not relevant to Patterson's failure-to-settle claim and it is tantamount to Fey communicating to the

12

jury his interpretation of the facts, which is inadmissible. *Montgomery*, 898 F.2d at 1541. Whether Columbia allegedly misled the North Georgia Medical Center has nothing to do with whether Columbia reasonably rejected the settlement demand, and this statement could not nothing but confuse the jury and prejudice Columbia. This appears to be yet another one of Fey's general criticisms of Columbia that has nothing to do with the failure-to-settle claim, and the Court should exclude this opinion.

> **16. "While it was clear from the allegations that Columbia owed Patterson a defense, Columbia made no effort to contact or locate Patterson or to provide a defense once suit was filed."**

The Court should exclude this opinion because the Court already determined as a matter of law that Columbia had a duty to defend Patterson, and the remaining statement about Columbia's efforts to contact or locate Patterson are factual issues that do not require any specialized knowledge to understand. In addition, this opinion is factually incorrect because Columbia offered to defend Patterson during the underlying lawsuit. The opinion should be excluded as improper and inadmissible.

> **17. "Debra Lawson admitted that while it would be against company internal rules for employees to use company trucks for personal reasons, she knew it happened from time to time, and that while Lawson reserved the right to revoke permission to use the trucks, it never did."**

13

This statement is not an expert opinion and, instead, is simply Fey's interpretation of testimony taken in the underlying action. The Court should therefore exclude this statement as improper and inadmissible.

> **18. "While Columbia no longer had any involvement or interest in the underlying action between the Dunns and Patterson, it attempt[ed] to interfere in those proceedings, even going to the extreme of appointing counsel to appear on Patterson's behalf without Patterson's consent."**

This statement is not an expert opinion and, instead, is simply Fey's interpretation of facts from the underlying action. In addition, it includes improper testimony about Columbia's intent to purportedly "interfere" in that lawsuit. This is not the proper subject of expert testimony, and the Court should exclude this statement. *See Armstead*, 2016 WL 4123838 (excluding opinion that the insurer's "goal was to establish no coverage, rather than to look for reasons to cover loss.").

> **19. "Columbia placed its own self interest ahead of Patterson's, a serious violation of insurance industry claim handling standards."**

The Court should exclude this opinion because it tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on what the industry standard is, but he cannot tell the jury if Columbia breached that standard. *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that

14

the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards). This opinion should be excluded as improper and inadmissible.

> **20. "Columbia was given a reasonable opportunity to resolve the claim for well within its policy limit, but unreasonably rejected the demand, and in doing so failed to inform Patterson, allowing him an opportunity to respond."**

The Court should exclude this opinion because it tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on what the industry standard is, but he cannot tell the jury if Columbia breached that standard. *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards). The testimony is also factually incorrect as Patterson was informed about the settlement offer and, consistent with his behavior during the entire lawsuit, did not contact Columbia or defense counsel about the offer. This opinion should be excluded as improper and inadmissible.

> **21.** "**After failing in its attempt to force Patterson's cooperation, to influence the jury verdict form for its own benefit, and to intervene into a lawsuit in which it denied any involvement, Columbia appointed counsel to make an unauthorized appearance on Patterson's behalf, clearly inappropriate behavior.**"

The Court should exclude this opinion because it tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on what the industry standard is, but he cannot tell the jury that Columbia's actions were "clearly inappropriate." *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards). In addition, this statement includes Fey's opinion on Columbia's motives, which is improper opinion testimony and should be excluded. *See Armstead*, 2016 WL 4123838 (excluding opinion that the insurer's "goal was to establish no coverage, rather than to look for reasons to cover loss.").

>    **22.**   **"Columbia obviously knew that it had seriously mishandled the claim and that its denial was improper, or it would not have gone to such great lengths to try to get involved in the Dunn v. Patterson lawsuit having settled Lawson's claim."**

The Court should exclude this opinion because it tells the jury what decision to reach and is therefore improper. *Montgomery*, 898 F.2d at 1541 ("An expert may not, however, merely tell the jury what result to reach."). Fey can opine on what the industry standard is, but he cannot tell the jury that Columbia "seriously mishandled the claim. *Id.*; *see also Armstead*, 2016 WL 4123838 at *8 (excluding opinion that the insurer's conduct "fell below the standard of care" but admitting testimony about industry customs and standards while allowing the jury to determine if the insurer met those customs and standards). In addition, this statement includes Fey's opinion on what Columbia knew, and Columbia's motives, which is improper opinion testimony and should be excluded. *See Armstead*, 2016 WL 4123838 (excluding opinion that the insurer's "goal was to establish no coverage, rather than to look for reasons to cover loss.").

## III.   Conclusion

The Court should grant this motion and exclude the opinions addressed above because they are improper expert testimony and inadmissible under Fed. R. Evid. 702 for the reasons identified.

Respectfully submitted this 3rd day of December, 2019.

>/s/ Stephen J. Rapp
John C. Bonnie
Georgia Bar No. 067540
Stephen J. Rapp
Georgia Bar No. 103806
srapp@wwhgd.com
*Attorneys for Columbia National Insurance Company*

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
T: (404) 876-2700
F: (404) 875-9433

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all attorneys of record.

This 3rd day of December, 2019.

*/s/ Stephen J. Rapp*
Stephen J. Rapp
Georgia Bar No.: 103806
