IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| AMY DUNN, individually and as the natural parent of DANIELLE DEMONBREUN, JAMES DUNN and RONALD CURTIS PATTERSON, </br></br>Plaintiffs, </br></br>v. </br></br>COLUMBIA NATIONAL INSURANCE COMPANY, </br></br>Defendants. | CIVIL ACTION </br>FILE NO.: 2:17-CV-00246-RWS |

### PLAINTIFF RONALD CURTIS PATTERSON'S *DAUBERT* MOTION AND MOTION *IN LIMINE* REGARDING EXPERT PETER HILDEBRAND

Plaintiff Ronald Curtis Patterson files this *Daubert* Motion and Motion *in Limine* regarding Peter Hildebrand, retained by Columbia National Insurance Company to provide opinion testimony.  Hildebrand is generally qualified to render opinions on the custom and practice in the insurance industry.  However, based on this Court's rulings, several of Hildebrand's opinions are not helpful to the jury or relevant to any issue to be tried.  Thus, Mr. Patterson seeks an order excluding some of Hildebrand's opinions, not an order striking him entirely.

## I. THIS COURT'S PRIOR ORDER

This motion seeks to make the trial efficient and give full effect to the Court's September 30, 2019, Order, which ruled as follows:

- Mr. Patterson had permission to use his Lawson truck on a personal errand to WalMart on the night of the accident. (Doc 103, p.23)

- Mr. Patterson is an "insured" under the policies issued by Columbia National Insurance Company ("Columbia"). (Doc 103, p.23)

- Columbia had proper statutory notice of the "Underlying Lawsuit" brought against him by the Dunn Family, and Mr. Patterson had no duty to "request" a defense. (Doc 103, p.10)

- Columbia breached the duty to defend Mr. Patterson in the Underlying Lawsuit. (Doc 103, pp.9-14)

- Columbia's breach of its duty to defend released Mr. Patterson from the duty to cooperate. (Doc 103, p.24)

- When Columbia attempted to defend under a Reservation of Rights, Columbia "blatantly ignored Georgia's strong policy preference for defending possible insureds." (Doc 103, p.14, citing authority)

- Mr. Patterson did not "fail to mitigate the judgment from the Underlying Lawsuit by rejecting Columbia's change-of-heart defense." (Doc 103, pp.30-31)
- "Columbia is prohibited as a matter of law from arguing that Patterson failed to mitigate damages by refusing to accept Columbia's too-late defense." (Doc 103, pp.30-31)

Pursuant to the Order, issues remaining for trial include the following:

- Whether Columbia negligently or in bad faith failed to settle the claims asserted against Mr. Patterson within policy limits when it had an opportunity to do so. (The offer to settle and Columbia's rejection are attached as <u>Exhibit A</u> and <u>Exhibit B</u>, respectively.)
- The damages caused by Columbia's breach of the duty to defend.
- Mr. Patterson's entitlement to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11 and O.C.G.A. § 33-7-15(b.1).[1]
- The Dunn Family's entitlement to attorneys' fees and expenses of litigation under O.C.G.A. § 13-6-11.
- Whether punitive damages should be assessed against Columbia.

---

[1] The Court made no specific rulings regarding O.C.G.A. § 33-7-15(b.1), but it is a natural result of the Court's ruling that Mr. Patterson did not fail to cooperate.

## II.  APPLICABLE LAW

This Court has helpfully and correctly summarized *Daubert* law as follows:

If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.  **The trial court, as the gate-keeper, must determine that the testimony is "sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute."** …

The Eleventh Circuit has synthesized the existing rules into a three-part inquiry, instructing courts to consider whether: (1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) **the testimony assists the trier of fact**, through the application of scientific, technical, or specialized expertise, to understand the evidence or **to determine a fact in issue**.

*DeTemple v. Leica Geosystems Inc.*, 2015 WL 10906064, at *1 (N.D. Ga. 2015) (excluding expert testimony) (internal citations omitted) (emphasis added).

In conjunction with the *Daubert* standard, it is necessary to consider rules of evidence:  "Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence; and the fact is of consequence in determining the action."  Fed. R. Evid. 401.  Irrelevant evidence is inadmissible.  Fed. R. Evid. 402.  "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

### III.   ARGUMENT AND CITATION TO AUTHORITY

#### A.   Opinions at Issue.

Hildebrand's report is attached hereto as Exhibit A. The opinions at issue are set forth below with the reasons why they should be excluded. Of course, Hildebrand has opinions expressed in his report that are not addressed in this brief, and the numbering below is not intended to suggest otherwise.

> **Opinion 1:** "In my opinion, the facts as elicited from either the police report or from Patterson's testimony clearly demonstrate that Patterson was not operating the Lawson vehicle on company business at the time of the accident and that Patterson clearly violated multiple conditions set by Lawson for operation of its vehicles in the Policy Manual and Safety Manuals which Patterson acknowledged signing." (Exhibit A, p.6)

This opinion will not assist the trier or fact to understand the evidence or determine a fact in issue in this action. *DeTemple*, 2015 WL 10906064, at *1. First, whether Mr. Patterson was "operating the Lawson vehicle on company business at the time of the accident" is not relevant to any issue in this case.[2]

---

[2] The scope of use was disputed in the Underlying Lawsuit, and the trial court ruled it was a matter of disputed fact for the jury. But the issue was only relevant to Lawson's vicarious liability for Mr. Patterson's actions. It has nothing to do with any issues the jury must decide in this action.

Second, whether Mr. Patterson violated any conditions in the Policy Manual are also irrelevant to any issue the jury must decide.  Hildebrand disappointingly echoes the same errors made by Columbia in thinking that permissive use is determined by the employer's rules.  But that theory is incorrect law, as recognized by *Great American v. Anderson*, 847 F.3d 1327, 1333 (11th Cir. 2017) (rejecting argument that violation of internal company rules on the use of a vehicle vitiates permissive use and coverage).  This Court identified and rejected Columbia's theory in ruling Mr. Patterson in fact had permission.  (Doc 103, pp.20-21)

Hildebrand's opinion is contrary to law, contrary to this Court's rulings in this case, and irrelevant to any issue the trier of fact must determine.  The Court should strike the opinion, and exclude evidence Columbia presents in an attempt to support it.

> **Opinion 2:**   "[C]ommon sense would dictate that, having run over three pedestrians, Patterson should have contacted the insurer of the vehicle he was operating and provided the insurer with information." (Exhibit A, p.9)

Mr. Patterson is a plumber who did not graduate high school.  Hildebrand is a highly-paid, highly-educated former insurance executive designate to provide opinions on the custom and practice in the insurance industry.  Hildebrand was not designated to opine on the custom and practice of blue-collar workers and how they use a "perk" of the job.  Simply put, he is not qualified under *Daubert* to

opine on how Mr. Patterson should have acted or what he could have done differently.

Furthermore, a "common-sense determination" is to be made by the jury "without the aid of an expert." *E.E.O.C. v. W. Customer Mgmt. Grp., LLC*, 899 F. Supp. 2d 1241, 1251 (N.D. Fla. 2012) (barring such opinions as "unhelpful"). The jury does not need Hildebrand's expertise to explain to them what "common sense would dictate." With this opinion, Hildebrand strays away from his role as an objective expert and into the role of an advocate parroting Columbia's arguments. It is unhelpful and should be stricken.

> **Opinion 3:** Mr. Patterson "knew or should have known that he needed to give notice of the accident and provide his full cooperation to Columbia in the event of an 'accident', claim, 'suit' or 'loss' as required by the Policy." (Exhibit A, p.10)

Again, Hildebrand is providing an expert opinion on how Mr. Patterson should act (for which he is unqualified) rather than providing an expert opinion on how Columbia should have acted (for which he is qualified).

In addition, this opinion will not assist the trier of fact in determining an issue of fact. Columbia acknowledges prompt notice of the accident and that Mr. Patterson was driving the truck involved in the accident. (Compare Complaint, Doc 1, with Answer, Doc 9, ¶27; and Doc 1-3) Columbia acknowledges receipt of

a "courtesy copy" of the complaint against Mr. Patterson pursuant to O.C.G.A. § 33-7-15(c).  (Doc 59-5, RFAs 50-53 and Doc 59-17)  This Court has ruled that Columbia had proper statutory notice of the lawsuit and that Mr. Patterson had no duty to "request" a defense.  (Doc 103, p.10)  Hildebrand's opinions are contrary to law, contrary to this Court's rulings, not "helpful" to any issue the jury must decide and should be stricken.

> **Opinion 4:**  "In my opinion, Patterson failed to comply with the most basic duties required of an insured under the Columbia policy issued to Lawson, and industry expectations, despite having every opportunity to fulfill those responsibilities." (Exhibit A, p.5)

The same argument, undisputed facts and previous rulings as those stated immediately above apply to make this opinion unhelpful and inadmissible.

> **Opinion 5:**  "Patterson never tendered the suit to anyone…Patterson never contacted Columbia…or requested that the insurer protect his interests.  It is customary in the insurance industry not to defend someone who does not request a defense." (Exhibit A, p.11)

Again, the Court has already decided these issues contrary to the opinion. Columbia acknowledges receipt of a "courtesy copy" of the complaint pursuant to O.C.G.A. § 33-7-15(c), and this Court ruled that Columbia had proper statutory notice.  (Doc 103, p.10)  The opinion that the custom and practice in the insurance industry is to not defend someone who does not ask is flatly contrary to Georgia

law.  The opinion is an outdated version of the Rule of Election, which Georgia rejected years ago.  (Doc 88)[3]  The opinion is irrelevant, because whether Mr. Patterson requested a defense is irrelevant to the two issues the jury must decide: Damages for breach of the duty to defend and whether Columbia failed to settle negligently or in bad faith.  Thus, the opinion is not helpful to the trier of fact and should be excluded.

> **Opinion 6:**  Mr. Hildebrand opines that Columbia reasonably failed to defend for a litany of reasons.  (Exhibit A, p.11)

The Court has ruled Columbia breached the duty to defend, leaving only the issue of damages for that breach.  *Why* Columbia breached the contract is wholly irrelevant to the damages caused by the breach of contract.  The opinion is irrelevant and should be excluded as unhelpful.

> **Opinion 7:**  "In my opinion, Columbia's offer to defend Patterson was reasonable and consistent with good faith claims handling."  (Exhibit A, p.12)

This Court has already ruled that accepting Columbia's offer to defend under a reservation of rights "would have put [Mr. Patterson] in a worse position because he would have waived all claims the Court has just found he rightfully had against Columbia."  (Doc 103, p.30)  This Court went on to rule that "Columbia is

---

[3] A "non-owner driver is entitled to coverage up to the full policy limits as a matter of law, regardless of whether the non-owner affirmatively seeks coverage." Jenkins & Miller, *Ga. Automobile Insurance Law* § 12:8 (2018-2019 ed.).

prohibited as a matter of law from arguing that Patterson failed to mitigate damages by refusing to accept Columbia's too-late defense." (Doc 103, pp.30-31) The Court should exclude the opinion as unhelpful, as it is flatly contrary to this Court's previous rulings.

The opinion is further unhelpful as it is irrelevant to the issues the jury must decide. Whether Columbia negligently or in bad faith rejected the settlement opportunity has nothing to do with its offer to defend Mr. Patterson. Further, the untimely offer Mr. Patterson had no duty to accept is not relevant to the damages caused by the earlier breach. The Court should exclude the opinion.

> **Opinion 8:** "In my opinion, Columbia's subsequent efforts to defend Patterson were reasonable and consistent with good faith claims handling and providing equal consideration to Patterson's interests. Providing a free defense in order to control the ultimate damage award was in the best interests of both Patterson and Columbia." (Exhibit A, p.12-13)

The opinion should be excluded for the same reasons described above.

> **Opinion 9:** "[I]n my opinion, Columbia was fully justified in again denying coverage given Patterson's failure to cooperate in his own defense, failure to allow counsel to defend him, failure to attend his own deposition, and failure to attend or have representation at trial." (Exhibit A, p.12-13)

This opinion refers to Columbia's second denial of coverage after Mr. Patterson wisely rejected the untimely defense. (Doc 59-25) The second denial is irrelevant to any issue in this case and should be excluded.

**B.     Motion *in Limine* Regarding Previous Retentions.**

Mr. Patterson's attorneys in this case have retained Hildebrand for different purposes in different cases on behalf of different clients. Mr. Patterson respectfully moves the Court to bar evidence and argument of the previous retentions, even if Hildebrand's credibility or qualifications are questioned.

"[A] party should not generally be permitted to establish that the [expert] witness had been previously retained by the opposing party." *Peterson v. Willie*, 81 F.3d 1033, 1038 (11th Cir. 1996). Noting concern that "the unfair prejudice resulting from this fact usually outweighs any probative value," the *Peterson* court ruled that the district court erred by allowing one party to elicit testimony that the other party had retained the same expert earlier in the same case. *Id*.

The *Peterson* court stated that the result could be different if the party who had first retained the expert attacked the expert's qualifications. "In such a situation, a court may well decide that the opposing party should be permitted to attempt to rehabilitate the witness by eliciting testimony from the witness that *the party* had thought highly enough of the witness to consult him or her originally."

*Id.* at 1039 (emphasis added). That exception does not apply in this case, because "the parties" – *i.e.*, Mr. Patterson and the Dunn Family – have never consulted Hildebrand in this or any other case. Slappey & Sadd previously consulted. Hildebrand on behalf of other parties in other cases. *Peterson* is also different because the party had retained the expert earlier in the same case. No one but Columbia retained Hildebrand in this case. The speculation in *Peterson* that evidence of a previous retention may be allowed to bolster a challenged expert has no application in this case.

Evidence that an attorney previously hired an expert in a different case is inadmissible, even when proffered to bolster the expert whose qualifications are attacked by the same attorney. *Vaughn v. Protective Ins. Co.*, 243 Ga. App. 79, 532 S.E.2d 159 (2000).[4] Prior to trial, the *Vaughn* court granted a motion *in limine*, prohibiting reference to the fact that in previous lawsuits the defendant's attorney had retained the expert retained by the plaintiff. *Id*. at 83. At trial, defense counsel attacked the expert's qualifications. *Id*. at 83. The plaintiff asked the court to reconsider its ruling in limine and allow evidence that defense counsel had employed the expert 12 to 15 times in similar case. *Id*. at 84. The court refused to allow the evidence to bolster the expert.

---

[4] Although not controlling, *Vaughn* is factually on point and highly persuasive.

The appellate court affirmed, reasoning that the issue was whether the expert's "background, including education, training, special knowledge, skill or experience, qualifies him or her to render an opinion." *Id*. at 84. The court further noted that "a party is allowed to impeach or rehabilitate an expert witness' credibility." *Id*. Nonetheless, "the type of information that [plaintiff] attempted to elicit was not proper rehabilitation evidence and was not relevant to the decision of whether he was a competent expert" because it did not go to education, training or knowledge. Nor did the fact of a previous retention contradict or confirm the expert's testimony. Thus, whether an attorney had previously retained the expert was irrelevant to the expert's qualifications or his opinions.

*Peterson* and *Vaughn* illustrate why evidence or argument that anyone previously retained Hildebrand in other lawsuits for other clients is irrelevant and improper. The previous retentions are irrelevant to Hildebrand's education, training, knowledge or opinions. Evidence that attorneys hired Hildebrand for other purposes for other clients in other cases poses a substantial danger of "confusing the issues" or "misleading the jury." Fed. R. Evid. 403. The jury might mistakenly confuse whether the actions they need to judge are those of the parties or of the parties' present attorneys.

Allowing evidence or argument on the previous retentions also poses a substantial danger of "unfair prejudice." Fed. R. Evid. 403.  In the earlier cases, the attorneys retained Hildebrand in an effort to assist those clients with their unique legal problems.  Mr. Patterson should not be prejudiced by an inability of his attorneys in this case to vigorously challenge opposing expert testimony, should it be in their best interests to do so and should Hildebrand's testimony prove itself subject to legitimate challenge (which it does).

Accordingly, Plaintiff respectfully moves this Court to bar all evidence or argument regarding past retentions of Hildebrand by Mr. Patterson's attorneys. The past retentions concerned different duties to different clients in different cases. The Court should further order Columbia to caution Hildebrand not to raise the fact either on direct or cross examination.

Respectfully submitted on December 3, 2019.

>/s/ Richard E. Dolder
James (Jay) Sadd
Georgia Bar No. 066010
Richard E. Dolder, Jr.
Georgia Bar No. 220237
SLAPPEY & SADD
352 Sandy Springs Circle
Atlanta, Georgia 30328
(404) 255-6677 (Office)
(404) 255-7340 (Facsimile)
Attorneys for Mr. Patterson

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Plaintiff Ronald Curtis Patterson's** *Daubert* **Motion and Motion** *in Limine* **Regarding Expert Peter Hildebrand** was filed electronically with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to the attorneys of record for all parties. I further certify that the foregoing was prepared in Times New Roman 14pt font and otherwise complies with Local Rule 5.1.

Respectfully submitted December 3, 2019.

                              */s/ Richard E. Dolder*
                              Richard E. Dolder
                              Georgia Bar No. 220237
                              SLAPPEY & SADD, LLC
                              352 Sandy Springs Circle
                              Atlanta, Georgia 30328
                              (404) 255-6677 (Office)
                              (404) 255-7340 (Facsimile)
                              rich@lawyersatlanta.com
                              Attorney for Mr. Patterson