# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINESVILLE DIVISION

| | |
|---|---|
| AMY DUNN, individually and as the natural parent of DANIELLE DEMONBREUN, JAMES DUNN, and RONALD CURTIS PATTERSON,<br><br>               Plaintiffs,<br><br>v.<br><br>COLUMBIA NATIONAL INSURANCE COMPANY<br><br>               Defendant. | CIVIL ACTION<br>2:17-CV-00246-RWS |

## DEFENDANT'S RESPONSE TO PATTERSON'S *DAUBERT* MOTION AND MOTION IN *LIMINE* REGARDING EXPERT PETER HILDEBRAND

Defendant Columbia National Insurance Company ("Columbia") files this Response in Opposition to Patterson's *Daubert* Motion and Motion in *Limine* Regarding Expert Peter Hildebrand (Dkt. 120).

As detailed in his report, Columbia retained Hildebrand to testify at trial as an expert concerning whether Columbia's actions were consistent with industry custom and practice in the investigation of the claim, the denial of coverage, the handling of the defense of Patterson, and the response to the time-limited demand.

1

(Dkt. 120-1, p. 4). Although Patterson agrees that Mr. Hildebrand is qualified to opine on standards and practices in the insurance industry, Patterson moves to exclude certain opinions offered by Mr. Hildebrand, each of which is addressed below.

A.     **SPECIFIC OPINIONS**

**Opinion 1: "In my opinion, the facts as elicited from either the police report or from Patterson's testimony clearly demonstrate that Patterson was not operating the Lawson vehicle on company business at the time of the accident and that Patterson clearly violated multiple conditions set by Lawson for operation of its vehicles in the Policy Manual and Safety Manuals which Patterson acknowledged signing."**

Patterson argues that this opinion is inadmissible because the Court determined that Patterson was a permissive user at the time of the accident. However, as part of his failure-to-settle claim, Patterson contends that Columbia's investigation of coverage and the accident were inadequate. As the Georgia Supreme Court recently re-affirmed, liability for failure-to-settle a claim depends on whether the insurer acted reasonably in responding to a particular settlement offer. *First Acceptance Ins. Co. v. Hughes*, 826 S.E.2d 71, 74 (Ga. 2019). The jury must consider whether the insurer, "'in view of the existing circumstances, has accorded the insured the same faithful consideration it gives its own interest.'" *Id.* (quoting *Southern Gen. Ins. Co. v. Holt*, 416 S.E.2d 274 (Ga. 1992)). Under this standard, the facts known to Columbia and discovered through its investigation are

relevant to the failure-to-settle claim, and Hildebrand's above opinion addresses that issue.

With respect to facts indicating that Patterson violated company policy prohibiting personal use of vehicles, Columbia was entitled to consider that information in its coverage and liability determinations—both of which are relevant to a failure-to-settle claim.

Patterson cites *Great American V. Anderson*, 847 F.3d 1327 (11th Cir. 2017) in support of his argument that the restrictions on vehicle use were internal company rules as opposed to policies concerning the scope of permissible use. This Court did not reach this argument in its summary judgment order, (Dkt. 103, pp. 20-21), and it is not correct for the reasons explained in Columbia's prior briefing. (Dkt. 79, p.8). Whether Columbia correctly analyzed this issue during its investigation is just another fact for the jury to consider in its determination of reasonableness. Accordingly, this opinion is admissible, and the Court should deny the motion to exclude it.

**Opinion 2:** "[C]ommon sense would dictate that, having run over three pedestrians, Patterson should have contacted the insurer of the vehicle he was operating and provided the insurer with information."

While Patterson concedes that Hildebrand is qualified to offer an opinion as to insurance customs and practices, he contends that this opinion should be

3

excluded because Hildebrand cannot know what Patterson should have done after the accident. Columbia contends that: it did not proximately cause Patterson's alleged damages; that Patterson failed to mitigate his damages; that Patterson is at fault for his alleged damages; and that Patterson's conduct was a superseding/intervening cause that cuts off Columbia's liability. Patterson's failure to contact Columbia at any time—including shortly after the accident—is relevant to these defenses, and this opinion addresses that issue.

In addition, Patterson's failure to communicate with Columbia is relevant to Patterson's argument that Columbia conducted a shoddy investigation. Columbia is entitled to argue that Patterson should have participated in the investigation—at the very least by contacting Columbia about the accident and lawsuit. Accordingly, this opinion is admissible, and the Court should deny the motion to exclude it.

**Opinion 3: Mr. Patterson "knew or should have known that he needed to give notice of the accident and provide his full cooperation to Columbia in the event of an 'accident', claim, 'suit' or 'loss' as required by the Policy."**

This opinion is admissible for the same reasons that Opinion 2 is admissible, as addressed above. The Court should therefore deny the motion to exclude this opinion.

**Opinion 4**: "In my opinion, Patterson failed to comply with the most basic duties required of an insured under the Columbia policy issued to Lawson, and industry expectations, despite having every opportunity to fulfill those responsibilities."

This opinion is admissible for the same reasons that Opinion 2 is admissible, as addressed above. The Court should therefore deny the motion to exclude this opinion.

**Opinion 5**: "Patterson never tendered the suit to anyone…Patterson never contacted Columbia . . . or requested that the insurer protect his interests. It is customary in the insurance industry not to defend someone who does not request a defense."

Patterson contends that this opinion is not relevant because the Court previously determined that Patterson was not required to request a defense from Columbia. However, Hildebrand's opinion that it is customary in the industry not to defend someone who does not request a defense is relevant to Patterson's contention that Columbia mishandled this claim and whether Columbia acted reasonably. In addition, Patterson's complete failure to contact Columbia is relevant to Columbia's defenses that: it did not proximately cause Patterson's alleged damages; that Patterson failed to mitigate his damages; that Patterson is at fault for his alleged damages; and that Patterson's conduct was a superseding/intervening cause that cuts off Columbia's liability. Accordingly, this opinion is admissible, and the Court should deny the motion to exclude it.

**Opinion 6**: "**Mr. Hildebrand opines that Columbia reasonably failed to defend for a litany of reasons.**"

Columbia concedes that Hildebrand's opinion respecting Columbia's purported duty to defend Patterson in the underlying action is no longer relevant given the Court's determination that Columbia had a duty to defend him and breached that duty.  However, if Patterson's expert opines on Columbia defense obligations, then Hildebrand's rebuttal opinions should be admissible.  Accordingly, the Court should at the least deny this portion of the motion at this time, pending the development and admissibility of evidence at trial.

**Opinion 7: "In my opinion, Columbia's offer to defend Patterson was reasonable and consistent with good faith claims handling."**

This opinion is relevant to refute Patterson's claim for punitive damages that Columbia wantonly disregarded the consequences to Patterson of proceeding without counsel.  If Patterson intends to argue that Columbia acted wantonly and recklessly by failing to defend Patterson, or by offering to defend him later in the underlying action, this opinion will assist the jury with its determination of whether to award punitive damages or, if so, the amount.

In addition, Columbia's defense of Patterson was one of the facts considered by Columbia in declining to accept the offer to settle the claims against Patterson.  As explained by Columbia's Preston Burroughs, Columbia believed "by retaining

6

defense counsel to defend Patterson that we could hold the award against Patterson down to what I would consider a very reasonable number." (Dkt. 61, 196:5-10; 90:6-11) ("I thought the Rust firm could have held the jury award to 125,000 or less. Q: Okay. And that's what you thought when you decided not to accept the demand? A: That's part of it, sir. There are other parts."). The jury will have to, and should be permitted to, determine if this decision was reasonable as part of Patterson's failure-to-settle claim, and Hildebrand's opinion will assist them in that endeavor.

Accordingly, this opinion is admissible, and the Court should deny the motion to exclude it.

**Opinion 8: "In my opinion, Columbia's subsequent efforts to defend Patterson were reasonable and consistent with good faith claims handling and providing equal consideration to Patterson's interests. Providing a free defense in order to control the ultimate damage award was in the best interests of both Patterson and Columbia."**

This opinion is admissible for the same reasons that Opinion 7 is admissible, as addressed above. The Court should therefore deny the motion to exclude it.

**Opinion 9: "[I]n my opinion, Columbia was fully justified in again denying coverage given Patterson's failure to cooperate in his own defense, failure to allow counsel to defend him, failure to attend his own deposition, and failure to attend or have representation at trial."**

Patterson contends that this opinion is not admissible because it refers to a subsequent denial of coverage by Columbia that included Patterson's failure to cooperate with his defense as a basis for the denial. Although Patterson contends

7

that this "denial is irrelevant to any issue in this case and should be excluded," he identified the same denial letter as one of his exhibits in the Proposed Pretrial Order, and so he must contend that it is relevant. (Dkt. 110, Attachment G-1, Ex. 58).

In addition, this opinion is relevant to Columbia's defenses that: it did not proximately cause Patterson's alleged damages; that Patterson failed to mitigate his damages; that Patterson is at fault for his alleged damages; and that Patterson's conduct was a superseding/intervening cause that cuts off Columbia's liability. Accordingly, this opinion is admissible, and the Court should deny the motion to exclude it.

**B.    PREVIOUS RETENTIONS**

Patterson's attorneys previously retained Hildebrand as an expert in their own cases, and ask the Court to prohibit Columbia from eliciting that testimony at trial. Because the parties agree that Hildebrand is qualified to testify about insurance industry standards and practices, his qualifications do not appear to be an issue. But Columbia has no way of knowing what Plaintiffs may attempt to introduce or how they may cross examine Hildebrand at trial. Accordingly, while Columbia does not anticipate introducing any evidence of Hildebrand's prior retention by counsel for Patterson, the Court should not prohibit it outright at this

time. Instead, the Court should reserve ruling on this issue, and determine relevance and admissibility based upon actual developments during trial.

## C. CONCLUSION

The Court should deny Patterson's motion for the reasons addressed and grant any other relief the Court deems appropriate.

Respectfully submitted this 10th day of December, 2019.

                                                      /s/ Stephen J. Rapp
                                                    John C. Bonnie
                                                    Georgia Bar No. 067540
                                                    Stephen J. Rapp
                                                    Georgia Bar No. 103806
                                                    srapp@wwhgd.com
                                                    *Attorneys for Columbia National Insurance Company*

WEINBERG, WHEELER, HUDGINS,
GUNN & DIAL, LLC
3344 Peachtree Road, N.E.
Suite 2400
Atlanta, Georgia 30326
T: (404) 876-2700
F: (404) 875-9433

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to all attorneys of record

This 10th day of December, 2019.

>*/s/ Stephen J. Rapp*
>Stephen J. Rapp
>Georgia Bar No.: 103806