UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

AMY DUNN, individually and as the
natural parent of DANIELLE
DEMONBREUN, JAMES DUNN, and
RONALD CURTIS PATTERSON,

        Plaintiffs,

    v.

COLUMBIA NATIONAL
INSURANCE COMPANY,

        Defendant.

CIVIL ACTION NO.
2:17-CV-0246-RWS

## **O R D E R**

This case is before the Court on Columbia's Motion for Reconsideration
[107] of the Court's September 30, 2019 Order [103].  The Court has carefully
reviewed the record, and, for the reasons set forth below, Columbia's motion is
GRANTED.

### **Background**

The Court set out the background for this case in its September 30, 2019
Order [103] ("Order"). Briefly, this action involves disputed automobile insurance
coverage for a traffic accident and subsequent lawsuit in the State Court of Hall

County, Georgia.  The defendant in the underlying lawsuit, Ronald Curtis Patterson, admitted liability for hitting and injuring the plaintiffs, members of the Dunn family, with a truck as they were walking out of a Walmart in Gainesville, Georgia.

Patterson was largely unrepresented in the underlying suit, in part because Columbia, the insurance carrier for the liability policies on the truck, denied coverage to Patterson before the lawsuit was filed. Patterson's employer, Lawson Air Conditioning and Plumbing, Inc. ("Lawson"), owned the truck he was driving, was also an underlying defendant, and was undisputedly covered by the Columbia insurance policies.  Columbia accordingly defended Lawson in the underlying suit, resulting in a $125,000 mediated settlement.

Despite denying coverage before suit was filed, nearly two years later Columbia hired attorneys for Patterson and sent him two reservations of rights letters. Patterson rejected their defense, but the attorneys continued to defend him under a unilateral reservation of rights until the trial court removed them for lack of authority.  Patterson proceeded to trial *pro se*, and the jury returned a verdict against him for $11,500,000.

Patterson and the Dunns, as judgment creditors, subsequently brought this action against Columbia.  At summary judgment, the Court found that: 1) Patterson

was an insured under the policies at issue; 2) Columbia breached its duty to defend Patterson in the underlying suit; and 3) Patterson had no duty to cooperate. The Court found triable issues for a jury on Patterson's negligent or bad faith failure to settle claim and damages.  With regard to damages, the Court held that Columbia was prohibited from arguing that Patterson failed to mitigate his damages because he rejected Columbia's belated defense in the underlying action.  Columbia now asks the Court to reconsider that holding and seeks clarification regarding its ability to argue this issue for damages in general.

## Discussion

Under the Local Rules of this Court, "[m]otions for reconsideration shall not be filed as a matter of routine practice[,]" but rather, only when "absolutely necessary."  LR 7.2(E), N.D. Ga.  Such absolute necessity arises where there is "(1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact."  Careminders Home Care, Inc. v. Kia nka, 666 Fed. Appx. 832, 834 (11th Cir. 2016) (quoting Bryan v. Murphy, 246 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003)).

Columbia argues the Court committed a clear error of law when it held that Columbia could not argue that Patterson failed to mitigate his damages by declining Columbia's belated offer to defend him in the underlying suit.  Patterson

maintains allowing Columbia to fault him for not accepting their late defense would create perverse incentives for insurance companies faced with coverage decisions and their duty to defend. While the Court agrees with Patterson in principle, the strong policy against insurance companies denying a defense to potential insureds does not alleviate Patterson of his obligation to mitigate damages.

As an initial matter, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier." Brogdon ex rel Cline v. Nat'l Healthcare Corp., 103 F. Supp. 2d 1256, 1258 (N.D. Ga. 2003).  The Court recognizes that Columbia's motion for reconsideration presents fresh arguments not made in its response to Patterson's motion for summary judgment as to its mitigation affirmative defense.  (Compare Def.'s Resp. to Patterson's MSJ, Dkt. [68] at 17-19 with Def.'s Mot. for Reconsideration, Dkt. [107].)  That said, Columbia did respond to Patterson's motion on this issue, and ultimately, the Court is most concerned with correctly applying the law to the facts before it.  Therefore, it must now correct a clear error of law from its prior Order.

Georgia law requires a person injured in tort or by a breach of contract to mitigate damages as is "practicable by the use of ordinary care and diligence."

O.C.G.A. § 51-12-11 (tort); O.C.G.A. § 13-6-5 (contract).  Here, the Court

incorrectly held that, as a matter of law, Patterson did not fail to mitigate the

judgment from the underlying suit by rejecting Columbia's change-of-heart

defense.

In its Order, the Court was persuaded by Patterson's argument that accepting

Columbia's defense under a reservation of rights would have put him in a worse

position. It was also concerned about upholding Georgia's strong policy preference

for defending possible insureds while filing a declaratory judgment to clarify

coverage.  See e.g., Richmond v. Georgia Farm Bureau Mut. Ins. Co., 231 S.E.2d

245 (Ga. Ct. App. 1976).  Now, after considering the parties' arguments, the Court

concludes that it was incorrect to say that no reasonable jury could find that

Patterson had no duty to accept Columbia's belated defense to mitigate damages.

Instead, the jury may consider Patterson's actions in their entirety to

determine if he reasonably mitigated his damages. See Knox v. Cessna Aircraft

Co., CIV A 405CV-131 HL, 2007 WL 2874228, at *12 (M.D. Ga. Sept. 26, 2007)

("Whether a plaintiff acted reasonably to mitigate his damages is typically a

question of fact for the jury...").  While Patterson's refusal of counsel does not

affect Columbia's liability, a juror could conclude that his decision unreasonably

increased the judgment against him in the underlying case.  Arguments about how

Patterson's acceptance of Columbia's defense under a reservation of rights would have altered his position may help the jury determine if his conduct constituted ordinary care, as a matter of fact, but are not conclusive at summary judgment. See Exch. Ins. Ass'n v. Mathews, 92 S.E.2d 121, 124 (Ga. Ct. App. 1956) (upholding a bench trial finding of fact that a defendant's failure to defend the underlying suit was made with ordinary care and diligence.")

In short, the Court will allow the jury to hear all issues raised as they pertain to damages.  This includes the arguments and issues approved by earlier Order [103], and arguments concerning Patterson's rejection of Columbia's defense with regards to mitigation and proximate cause.  For example, as to the latter, a jury can determine whether the proximate cause of Patterson's injury was Columbia's breach of the duty to defend, Patterson's refusal of Columbia's belated offer of representation, or perhaps both.  Accordingly, Columbia's Motion [107] is **GRANTED**.

## Conclusion

For the foregoing reasons, Columbia's Motion for Reconsideration [107] is **GRANTED**. The portion of the Court's September 30, 2019 Order [103] prohibiting Columbia from arguing that Patterson failed to mitigate damages by refusing to accept Columbia's late defense in the underlying action is **VACATED**.

The remainder of the Court's Order [103] stands.  The Court will address any

pending motions *in limine* at the pretrial conference scheduled for December 17,

2019.

      **SO ORDERED** this 12th day of December, 2019.


_____
**RICHARD W. STORY**
United States District Judge